**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY DEWAYNE JAMERSON,** | § | |
| **# 1749015** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:14-CV-0337-N-BK** |
| | § | |
| **WILLIAM STEPHENS, Director** | § | |
| **TDCJ-CID,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

On September 12, 2011, Petitioner pled guilty to burglary of a habitation and true to the enhancement paragraph, and was sentenced to 22 years' imprisonment.  *State v. Jamerson*, No. F10-62120 (283rd  Judicial District Court, Dallas County, 2011), *aff'd* No. 05-11-01319-CR, 2012 WL 3089340 (Tex. App. – Dallas Jul. 31, 2012).  He unsuccessfully sought state habeas relief.  *See Ex Parte Jamerson*, No. WR-80,242-01 (Tex. Crim. App. Oct. 2, 2013) (denying state habeas application).   On January 28, 2014, Petitioner filed this federal petition challenging the enhancement of his sentence.  [Doc. 3 at 6].[1]

_____

[1] The dates listed were verified through information available on the state court Internet web pages (Dallas County and the Texas Court of Criminal Appeals (TCCA)) and the electronic state habeas record obtained through the TCCA.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).  As this federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.  [Doc. 6].

The one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).  Subsections (B) through (D) of section 2244(d)(1) are inapplicable here.  Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims.  Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which the conviction became final.

Since Petitioner did not file a petition for discretionary review (PDR), his conviction became final on August 30, 2012 -- thirty days after the court of appeals affirmed his judgment of conviction.  *See* Tex. R. App. Proc. 68.2(a) (PDR must be filed within thirty days of either date on which judgment is affirmed, or last timely motion for rehearing is overruled by court of appeals); *Flores v. Quarterman*, 467 F.3d 484, 485 (5th Cir. 2006) (conviction final thirty days after judgment was affirmed because no PDR).  As of the filing of his state habeas application on

July 23, 2013, 326 days of the one-year limitations period had elapsed. [2]  The state application
remained pending until its denial on October 2, 2013, statutorily tolling the one-year limitations
period.  28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed
state application).  The one-year period resumed running the next day, on October 3, 2013, and
expired 39 days later on November 11, 2013, long before the filing of Petitioner's federal
petition on January 21, 2014.  Therefore, his federal petition is clearly outside the one-year
statute of limitations absent equitable tolling.[3]

       To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing
his rights diligently, and (2) that some extraordinary circumstance stood in his way and
prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted
case omitted); s*ee also Holland v. Florida*, 560 U.S. 631, 635 (2010) (recognizing one-year
statutory deadline is subject to equitable tolling in appropriate circumstances).  "'Courts must
consider the individual facts and circumstances of each case in determining whether equitable
tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case
omitted).

       This case does not present the type of due diligence and extraordinary circumstances
required for equitable tolling.  *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir.
2007) (summarizing cases).  Petitioner delayed 326 days, more than ten and one-half months,

---

[2] The state application is deemed filed on July 23, 2013, the date on which Petitioner signed it
and likely also handed it to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573,
579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).

[3] The *pro se* federal petition is deemed filed on January 21, 2014, the date on which Petitioner
placed it in the prison mail system.  [Doc. 3 at 10].  *See* Rule 3(d) of the Rules Governing
Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal
mailing system).

after his conviction was final before applying for state habeas relief.  His lack of diligence did not end there.  Following the denial of that state application, Petitioner waited an additional 110 days (more than three months) before submitting his federal petition.  Petitioner's extended periods of inactivity clearly indicate lack of due diligence.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity").

In addition, Petitioner has provided no explanation for the lengthy delays in his case.  He merely states that he is a *pro se* litigant, "a layman to all Rules, Guidelines, Procedures, and time frames," who was unaware of the one-year limitations period.  [Doc. 3 at 9; Doc. 6 at 1].  While he asserts that he "mistakenly mailed to the Eastern District Courts the 28 U.S.C. § 2254," and that the "Northern District of Texas granted continue [sic] within the procedures of . . . 28 U.S.C. § 2254" [Doc. 6 at 1], his contention is wholly unsupported.  His February 2014 response regarding the one-year limitations period does not include or reference any prior filed documents.  [Doc. 6 at 1].  In addition, apart from this case, PACER (Public Access to Court Electronic Records) reflects no other habeas or non-habeas case filed by Petitioner in either the United States District Court for the Eastern District of Texas or this Court.

Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).  "Equity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  Furthermore, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a

plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.

SIGNED March 10, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE